[Civ. No. 3803. First Appellate District, Division One.—September 8, 1921.]

# W. W. REED, Appellant, v. ADA A. CORNELL et al., Respondents.

[1] PLEADING—ACCORD AND SATISFACTION.—An agreement of accord and satisfaction must be specially pleaded before it can be availed of as a defense.

[2] CLAIM AND DELIVERY—DEFENSE OF PAYMENT—INSUFFICIENCY OF EVIDENCE—APPEAL—POINT NOT AVAILABLE.—A plaintiff in an action to recover the possession of a piano sold under a contract providing for installment payments cannot contend on appeal that the evidence does not prove payment in full of the contract as claimed by defendant, but an accord and satisfaction which not having been specially pleaded could not operate as a defense to the action, where he interposed no objection to the evidence on the part of the defendant as to the real nature of the settlement with the piano company and made no motion to strike out when advised of its purport and effect.

[3] ID.—BASIS OF ACTION—FINDING—EFFECT OF.—Where, in an action to recover the possession of a piano, the plaintiff based his right to recover upon an alleged indebtedness of the defendant and title to and ownership of the instrument in himself, all of which was denied by the defendant, the finding substantially in the language of the pleadings as the ultimate fact that nothing was due and unpaid and that title to the piano was in defendant was amply sufficient to warrant the court's conclusion that defendant was the lawful owner and holder and entitled to possession, and whether defendant paid in full or settled with the piano company for a less amount was immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Werner Olschewski, Frederick Olschewski and Lee M. Olds for Appellant.

Marcus L. Samuels for Respondents.

WASTE, P. J.—The plaintiff, as assignee, brought this action to recover the possession of a certain piano. He

alleged that the defendant had entered into an agreement with the Heine Piano Company, plaintiff's assignor, for the purchase of the instrument; that payment had not been made as required by the contract; that by reason of the violation of the terms of the agreement, plaintiff was entitled to a return of the piano. The defendant denied any indebtedness, and alleged that the piano had been fully paid for, and asserted title in herself. Judgment was entered for the defendant from which the plaintiff has appealed.

The contract for the sale of the piano provided for an initial payment of $40 upon the signing of the agreement, and monthly payments of $10 each, until the whole amount of $458, the purchase price, together with interest, had been paid. According to the plaintiff's theory the defendant was in arrears $147.63, plus some additional interest, at the time of the trial. The defendant testified that she made payments on the contract until the sum of $185 had been paid. Becoming tired of making installment payments, she asked to be allowed to settle the contract in full. Her proposition was accepted and she paid the sum of $200 in cash, and received a receipt for full payment of the contract. This receipt she subsequently lost when moving from one house to another. The account-books of the Heine Piano Company showed the payments testified to by the defendant, and what purported to be a subsequent additional payment of $50, made in the form of a liberty bond. This item was repudiated by the defendant as not having been made.

[1] Appellant's major contention relates to the proof adduced in support of the defendant's case. He first contends that the evidence does not prove payment in full of the contract, but an accord and satisfaction, which, not having been specially pleaded, could not operate as a defense to the action. The well-settled rules of pleading in this state require an agreement of accord and satisfaction to be specially pleaded, before it can be availed of as a defense, but the appellant is not in position to urge the point for the first time in this court on appeal from the judgment. [2] The record discloses that he interposed no objection to the evidence introduced on the part of the defendant as to the real nature of the settlement with the

Heine Piano Company, and made no motion to strike out the testimony when apprised of its purport and effect. So far, therefore, as relates to the introduction of the testimony, the appellant must be held to have waived any advantage he might have gained if the timely objection had been made.

[3] The appellant raises the same objection in another way. He attacks the findings as not being supported by the evidence, his point being that only an accord and satisfaction was proved, and not that the piano was "fully paid for," as found by the trial court. Thus stated, the contention is correct, but the court found other facts. The appellant based his right to recover the piano upon an alleged indebtedness of the defendant, and title to and ownership of the instrument in himself, all of which was denied by the defendant. The trial court found substantially in the language of the pleadings, as the ultimate facts, that nothing was due and unpaid from the defendant, and that title to the piano was in her. These facts were amply sufficient to warrant its conclusion that the defendant was the lawful owner and holder of the piano, and entitled to its possession. Whether the defendant paid in full for the piano according to the terms of the contract, or settled with the Heine Piano Company for a less amount than it would have been entitled to under that agreement, and received a receipt and discharge in full, does not matter. The ultimate fact was the indebtedness, if any, due from the defendant to the plaintiff upon the existence of which depended the right of the plaintiff to recover. This was determined and found not to exist, upon the evidence submitted to the court. (*Jacobs* v. *Ludemann,* 137 Cal. 176, 182, [69 Pac. 965]; *Tower* v. *Wilson,* 45 Cal. App. 123, [188 Pac. 87].) The appellant was content to submit the matter upon evidence received without any objection on his part, and under the circumstances we must hold that the findings properly concluded the whole controversy.

Appellant urges upon our attention the alleged weakness and lack of convincing force of the evidence for the defendant, but that was a matter primarily for the considera-

tion of the trial court. We find no abuse of its power in that regard.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1921.

All the Justices concurred.