[S. F. No. 10419. In Bank.—December 24, 1923.]

## MARGUERITE R. WHANN, Respondent, v. BETTA M. DOELL, Appellant.

[1] ACCOUNTING—ISSUES—PLEADING.—The issues raised by the pleadings in an action for an accounting may be only those with relation to the existence of the copartnership or other relationship which requires an accounting and the statement that some balance is due plaintiff; the other issues are raised by the account and the exceptions thereto, and not by the pleadings.

[2] ID.—STATEMENT OF BALANCE DUE WITHOUT REFERENCE—DISPOSITION OF ISSUES—APPEAL.—A statement of the balance due in the findings of the court, without a reference, and without an account or without exceptions being taken to specific items, is not a proper disposition of an action for an accounting, because the issues between the parties are not framed or disposed of in such manner as to show the method by which the general result is reached, and the aggrieved party cannot successfully present his grievances to an appellate tribunal, because on such an appeal such tribunal must assume in support of the judgment that every controverted fact was determined in favor of the respondent, and even if there was both the disposition and the power on the part of the appellate tribunal to re-examine the entire account, the presumption in favor of the action of the trial court as to the contested items would ordinarily render such action wholly nugatory.

[3] ID.—STATEMENT OF ACCOUNT—CHARACTER OF BOOKKEEPING.—The contention that an account must be stated in accepted bookkeeping fashion cannot be maintained.

[4] ID.—RECORDS—ISSUES — MISCARRIAGE OF JUSTICE — APPEAL.—Any procedure or record from which it can be intelligently ascertained what the issues were as to the controverted items and how these issues were disposed of by the trial court will suffice for the purpose of determining on appeal whether or not there has been a miscarriage of justice in the trial court, whether the matter appears from the findings, the decree or a bill of exceptions, showing the controversy, and the disposition thereof.

[5] ID. — PARTNERSHIP — ISSUES — FINDINGS — EVIDENCE — METHOD ADOPTED BY TRIAL COURT—ABSENCE OF PREJUDICE.—In this action for an accounting of a partnership business and a distribution of the assets of the partnership, the defendant was not prejudiced by the method of trial and decision adopted by the trial court in merely determining the balance due to the plaintiff from defendant instead of stating the items of the account, where the issues as to the controverted items could be ascertained from the record and the findings disposed of all the issues on the accounting, and as to the investment of the partnership assets in the real and personal property standing in the name of the defendant, the court found that such property belonged to the copartnership, one-half to each of the parties, such findings being sufficiently supported.

[6] ID.—EXISTENCE OF PARTNERSHIP — FINDING — EVIDENCE.—In such action, there was no error in the determination by the trial court that there was a copartnership between the parties.

[7] ID.—ISSUES—FINDINGS—PRESUMPTIONS—APPEAL.—On the appeal in such action it is found that each item protested by the appellant was properly allowed, and consequently the appellant was not prejudiced on her appeal by the general presumption in favor of a judgment, and, therefore, not injuriously affected by the method of the trial court, which might otherwise call for a reversal.

[8] ID.—APPLICATIONS FOR TRANSFER TO SUPREME COURT—TIME OF MAKING DECISIONS UPON.—The decisions of the supreme court upon application for a transfer from the district court of appeal must be made under the rules of the former court, and under the constitution within a period of ten days (Const., art. VI, sec. 4, Rule XXX, 177 Cal. 57), no matter how much of the business of the court may demand attention during that period, and notwithstanding the constantly increasing volume of cases passed upon by the five divisions of the district court of appeal, and subject to review by the supreme court within the limited period allowed by the constitution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. J. Treat and Royle A. Carter for Appellant.

Daniel A. Ryan for Respondent.

WILBUR, C. J.—This action is brought by the plaintiff to secure an accounting of the partnership business and a distribution of the assets of partnership alleged by her to have existed between the plaintiff and defendant from the period of February, 1907, to May, 1918. The plaintiff alleges that this copartnership was engaged in the business of manufacturing and selling a proprietary medicine known as "Chewalla" and that part of the proceeds of this business were invested in certain apartment houses and other real estate described in the complaint to which title was taken in the name of the defendant. The plaintiff prays that her one-half interest in the real estate in question be declared; that an accounting of the rents, issues, and profits of the real estate and of the partnership business be had; that the assets of the partnership be distributed and the partnership be dissolved.

By an amendment to the complaint the plaintiff alleged that the rents and profits of the real estate amounted to $18,844.22.

The defendant alleged in her answer that the net receipts from the sale of the medicine was $37,580.08, of which she was entitled to one-half, not as partnership profits but as wages; that plaintiff had paid her $21,629.36 and no more for such wages and for living expenses, which were also to be shared equally; that the living expenses of the plaintiff (her one-half) amounted to $6,065, of which she had paid $2,839.32 (being the difference between $21,629.36 and one-half of the profits, $37,580.08, to wit, $18,790.04). Defendant admitted that the profits of the real estate were $17,938.25, but claimed the same as her own.

A trial was had before the court without a jury and without a reference to a master or referee and without an interlocutory decree ordering an accounting. The trial court

found that there was a copartnership between the parties; that the real estate involved was partnership property; that the total rents, issues, and profits thereof were $17,938.25 (as alleged by the defendant) ; that $11,945.95 thereof had been expended for the joint benefit of the partners, leaving a balance belonging to the copartnership of $5,992.25; that plaintiff had accounted for all moneys received by her which had been used for the copartnership; that $1,600 par value of United States government securities had been purchased by the partnership; that certain furniture described in detail in the findings belonged to the partnership; that the defendant had $1,462.94 partnership money on deposit in her name in a savings bank; that the plaintiff was not indebted to the defendant, as claimed, for a balance of $3,215.68 for living expenses, or for any sum for rent. The court thereupon divided the balance of rents retained by the defendant, to wit, $5,992.26, by correspondingly increasing the interest of the plaintiff in the real estate and property of the copartnership, after directing the payment to her of the money on hand and by directing a sale of the property.

It will be observed that the only issue as to the rents, issues, and profits of the real estate was whether those profits were $18,844.22 as alleged by the plaintiff, or were $905.97 less, as alleged by the defendant, less, also, the expenses. As to the net receipts from the business of manufacturing and selling medicine, defendant admitted them to be $37,-580.08, to which each party was entitled to one-half, and that she had been overpaid $2,839.32, unless she was allowed her claim of $6,065 for living expenses, which the court did in fact disallow. The court thus found the net profits of the business to be the amount alleged by the defendant, to wit, $37,580.08.

We have thus stated the findings and the issues because the appellant's main objection to the action of the trial court is based upon its alleged failure to state an account in the findings. The appellant complains that the findings of the trial court merely determine the balance due to the plaintiff from the defendant and appellant, and do not set forth any of the items of the accounting between the parties which covered a period of about fourteen years. The appellant cites and relies upon the case of *Barnabee* v. *Beck-*

*ley*, 43 Mich. 613, as holding that an essential feature of an accounting is the stating of an account between the parties, even where the case is tried by the court without a reference and that in the absence of such a statement of account the case may be sent back for a retrial. A similar conclusion is reached in the case of *Tatum* v. *Shenk*, 221 Fed. 182 [136 C. C. A. 598], by the United States circuit court of appeals of the fifth district.

[1] The situation presented by an action for an accounting is unique in that the issues raised by the pleadings may be only those with relation to the existence of the copartnership or other relationship which requires an accounting and the statement that some balance is due plaintiff (Accounts and Accounting, secs. 98, 101, 102, 1 C. J. 633–635). The other issues are raised by the account and the exceptions thereto, and not by the pleadings. [2] It is obvious that a statement of the balance due in the findings of the court, without a reference, and without an account or without exceptions being taken to specific items, is not a proper disposition of such an action, because the issues between the parties are not framed or disposed of in such manner as to show the method by which the general result is reached, and the aggrieved party cannot successfully present his grievances to an appellate tribunal, because on such an appeal this court must assume in support of the judgment that every controverted fact was determined in favor of the respondent, and even if there was both the disposition and the power on the part of the appellate tribunal to re-examine the entire account, the presumption in favor of the action of the trial court as to the contested items would ordinarily render such action wholly nugatory.

[3] On the other hand, the contention that an account must be stated in accepted bookkeeping fashion cannot be maintained. The question presented by such an appeal is a practical one in such cases, particularly in view of our restricted powers under the constitution (art. VI, sec. 4½), namely, can this court upon the whole record say that there has been a miscarriage of justice in the trial court? [4] Any procedure or record from which it can be intelligently ascertained what the issues were as to the controverted items and how these issues were disposed of by the trial court will suffice for the purpose, whether the matter appears

from the findings, the decree or a bill of exceptions, showing the controversy, and the disposition thereof. It may be possible, also, to show such action by a typewritten record prepared under section 953a et seq. of the Code of Civil Procedure.

The respondent cites the following cases as holding that a statement of a general balance in the findings is sufficient in an action for an accounting: *Murdock* v. *Clarke*, 90 Cal. 427 [27 Pac. 275]; *Jacobs* v. *Ludemann*, 137 Cal. 176 [69 Pac. 965]; *Tower* v. *Wilson*, 45 Cal. App. 123 [188 Pac. 87]; *Reed* v. *Cornell*, 54 Cal. App. 179 [201 Pac. 608].

The case of *Murdock* v. *Clarke, supra*, was one by a mortgagor against a mortgagee in possession. In answer to appellant's claim that the findings should have been "in reality an itemized statement of the account, rather than a summary of the transactions," the court there stated: "It was not necessary for the findings to give the items of the account. It is not necessary in pleadings to give an itemized account (Code Civ. Proc., sec. 454), and a finding which follows the pleading is sufficient. In this as in other cases it is sufficient to find the ultimate facts, or secondary facts from which the ultimate fact necessarily follows." The court also pointed out that where a finding is objected to in the specification of errors in general terms, there is no remedy on appeal, as follows: "The action of the court below is presumed to be correct, and upon an appeal therefrom it is incumbent upon counsel to point out the error. *This, in a case like the present, where an account has extended over many years, can be done only by taking the account as a whole, rather than selecting individual items, and expecting this court to examine the entire record for the purpose of determining whether, in connection with the result as finally ascertained, those items have been properly allowed.*" (Italics ours.)

We have examined the record in the case of *Murdock* v. *Clarke, supra*, and find that the account is in fact stated in considerable detail in the findings. Not only are the receipts and expenditures for each year separately stated, but there are other specific findings as to the disposition of the property in the custody of the mortgagee. That case is not authority for the proposition that in an action for an accounting a statement of the general balance due is a proper disposition of the case.

In *Jacobs* v. *Ludemann, supra,* the plaintiff's action was to establish a trust in land to which the defendant held legal title. The defendant answered admitting the trust, but claimed certain credits for money advanced, less deductions for money paid and crops received, all itemized in the answer, and stated that the balance due the defendant was $1,267.90. The trial court made findings with relation to some of the items, such as the purchase price of the land as $2,000, and declared the balance due the defendant to be $800. The plaintiff appealed, and the court there said: "Plaintiff contends that the finding of this balance is but a conclusion of law, and that the court should have found the items—debit and credit—so as to show the figures from which the conclusion was deduced. It was not necessary for the court to do this. The ultimate fact was the amount, if anything, due from plaintiff to defendant, and this was ascertained and found from the evidence submitted to the court."

These decisions in nowise mitigate against the contention that there should be a sufficient statement of an account to show the main features of the account and the disposition of the various controversies arising thereon in an action for an accounting.

[5] We will now consider whether or not the defendant was prejudiced by the method of trial and decision adopted by the trial court. The court found that the defendant had in her possession $5,992.26 of the rents, issues, and profits of the partnership real estate as alleged by her, and she cannot justly complain of this general finding, which accords with her own claims and is adverse to the plaintiff's claims. The court disallowed the defendant's claim for $6,065 for living expenses on the theory that the living expenses were to be paid from the profits of the medicine business, and not from the plaintiff's share of the business. This general finding disposes of the defendant's claim as to the counterclaim or credit of $6,065, and is supported by the evidence. These findings dispose of all the issues on the accounting except the investment of the partnership assets in the real and personal property standing in the name of the defendant; as to these the court found that such property belonged to the copartnership, one-half to each. There is no specific finding as to the exact amount of the net profits of the medicine business, but there was apparently no dispute on that

subject. The defendant alleged the amount to be $37,580.08 and the plaintiff testified to that exact amount. The parties having thus agreed upon the amount of the profits from the business, and the court having found the facts in favor of the defendant upon the issue as to rents, issues, and profits of the real estate, the only remaining question was as to the investment of these proceeds in the partnership property, and upon this issue the general finding of ownership is under the circumstances of this case a sufficient finding.

The defendant attacks certain items of the account, one an item of $1,500 credit allowed to the plaintiff, another for a balance of $500 on a loan of $1,500 made by plaintiff. There was sufficient evidence to support the allowance of these items. The appellant calls attention to plaintiff's claim that $30,639 of the profits of the medicine business were invested in the properties, because it also appears from her testimony that $2,771.10 of this amount was paid from the defendant's bank account. There is no inconsistency, for the plaintiff testified that the bank account was a partnership account. Another controversy is presented by the record as to the amount of money invested in the property by the defendant from her separate funds. The defendant claims the amount to be $5,300, but she testified that she did not know exactly what amount of her property was so invested. Consequently, it was not improper to accept the plaintiff's testimony as to the amount so invested, to wit, $3,500, even if the defendant was entitled to full credit. This point presents merely a conflict in the evidence for the determination of the trial court.

[6] There was no error in the determination by the trial court that there was a copartnership. It was admitted that the parties jointly owned the proceeds of the medicine business; that each was entitled to one-half thereof subject to the plaintiff's claim that the joint living expenses were to be paid therefrom, and the defendant's claim that the living expenses were to be paid by the plaintiff.

In view of our conclusion, that there has been no miscarriage of justice, we deem it unnecessary to enter into further detail.

In view of the fact that our conclusion is in full accord with the decision of the district court of appeal (first district, second division), we should add that appellant's application for a transfer to this court was granted because of the

failure of the respondent either in her briefs or in her reply to the petition for a transfer, after the decision of the district court of appeal, to adequately meet the emphatic and reiterated and well-founded claim by appellant that an orderly procedure in an accounting case required at some stage of the proceeding a statement of the items of account allowed and disallowed, supported, as the claim was, by reason and authority. The respondent, moreover, claimed the benefit of the presumption that items not attacked in the appellant's brief would fully offset plaintiff's claim, and that the presumptions in favor of a judgment would require an affirmance, regardless of the correctness of the items attacked, thus presenting the very difficulty pointed out by the appellant as necessitating a complete reversal. This point of practice was not dealt with by the district court of appeal except by holding that no prejudice resulted to the appellant from such failure to find upon the specific contested items. [7] With this view we are now able to fully concur after the more extended and detailed examination possible after transfer, for, as already pointed out, we find that each item protested by the appellant was properly allowed, and consequently the appellant was not prejudiced, on her appeal by the general presumption in favor of a judgment, and, therefore, not injuriously affected by the method of the trial court, which might otherwise call for a reversal.

[8] In this connection the profession should bear in mind that our decisions upon application for a transfer must be made under our rules, and under the constitution within a period of ten days (Const., art. VI, sec. 4, Rule XXX, 177 Cal. 57), no matter how much of the business of the court may demand attention during that period, and notwithstanding the constantly increasing volume of cases passed upon by the five divisions of the district court of appeal, and subject to review by us within the limited period allowed by the constitution.

Judgment affirmed.

Myers, J., Lennon, J., Seawell, J., Kerrigan, J., Lawlor, J., and Waste J., concurred.

Rehearing denied.

All the Justices concurred.