[Civ. No. 6566. First Appellate District, Division Two.—November 9, 1928.]

C. L. MARGOLIS, Respondent, v. LEONARD & HOLT (a Corporation), Appellant.

J. H. Morris for Appellant.

Harry I. Stafford for Respondent.

DOOLING, J., *pro tem.*—Plaintiff, who had been employed by defendant as a real estate salesman, brought this action to secure an accounting from defendant of the amount which had become due to him for sales of real estate made by him while he was in defendant's employ. The action was commenced on July 15, 1925, but by stipulation of the parties entered into during the trial the accounting was had to October 1st of that year.

Under plaintiff's contract with defendant his commissions did not accrue until the money from the sale of the properties was actually collected by defendant and the accounting was asked for because the record of those collections was in the possession of defendant and not available to the plaintiff. At the conclusion of the trial, in which evidence, much of it conflicting, was introduced covering a large number of transactions, the court ordered judgment for plaintiff for $3,000. From the judgment which followed plaintiff has presented this appeal.

The trial court made a general finding that "from the period of March 18, 1924, to October 1, 1925, the defendant received commissions from various sales negotiated and consummated by the plaintiff, and that the portion or share of said plaintiff in said commissions during said period amounted to the sum of Three Thousand Eight Hundred ($3800) Dollars, and that no part of said sum of Three

Thousand Eight Hundred ($3800) Dollars had been paid to plaintiff, except the sum of Eight Hundred $800 Dollars."

Appellant attacks this finding on the ground that it merely determines the balance due to the plaintiff and respondent as of October 1, 1925, and does not set out any of the items of the accounting. Appellant complains of this upon two grounds: 1. That the finding is not sufficiently definite to permit appellant to specify intelligibly the particulars in which it is not supported by the evidence, and 2. That appellant was entitled to a specific finding of the court as to every disputed item determining whether or not the money involved in that particular transaction had been collected by appellant prior to October 1, 1925, so that in any subsequent action between the parties respondent would, as to those items found to have been collected prior to October 1, 1925, be precluded from further claim.

Under the facts of this case we are of opinion that appellant is correct in both contentions.

The correct rule to be applied in cases of this character is laid down by our supreme court in *Whann* v. *Doell*, 192 Cal. 680, at page 684 [221 Pac. 899, 901], in the following language: "It is obvious that a statement of the balance due in the findings of the court, without a reference, and without an account or without exceptions being taken to specific items, is not a proper disposition of such an action, because the issues between the parties are not framed or disposed of in such manner as to show the method by which the general result is reached, and the aggrieved party cannot successfully present his grievances to an appellate tribunal, because on such an appeal this court must assume in support of the judgment that every controverted fact was determined in favor of the respondent, and even if there was both the disposition and the power on the part of the appellate tribunal to re-examine the entire account, the presumption in favor of the action of the trial court as to the contested items would ordinarily render such action wholly nugatory.

"On the other hand, the contention that an account must be stated in accepted bookkeeping fashion cannot be maintained. The question presented by such an appeal is a practical one in such cases, particularly in view of our restricted powers under the constitution (art. VI, sec. 4½),

namely, can this court upon the whole record say that there has been a miscarriage of justice in the trial court? Any procedure or record from which it can be intelligently ascertained what the issues were as to the controverted items and how these issues were disposed of by the trial court will suffice for the purpose, whether the matter appears from the findings, the decree or a bill of exceptions, showing the controversy, and the disposition thereof. It may be possible, also, to show such action by a typewritten record prepared under section 953a et seq. of the Code of Civil Procedure.''

We are satisfied from an examination of the transcript that it cannot be intelligently ascertained how the issues raised by the many disputed items in this case were disposed of by the trial court.

Respondent cites and relies upon *Pratalongo* v. *Larco*, 47 Cal. 378, as supporting the making of a general finding of the amount due in a case of this sort. If there is anything in the Pratalongo case inconsistent with the later case of *Whann* v. *Doell, supra*, it must be considered to that extent overruled. But as we construe the Pratalongo case it is not in conflict with the Whann case. In the Pratalongo case the court said: ''In such a case, if the items on the debit and credit side are intelligently stated by the referee, so that on the face of the report it clearly appears how the indebtedness arose, this, we think, is a sufficient compliance with the statute in this class of cases.'' There is no statement of any items in the findings of the court or elsewhere in the case on appeal here, and there is no way in which we can determine how the court arrived at the amount which it found to be due.

It is also clear, as pointed out by the appellant, that in this particular case, where commissions will continue to accrue to the respondent as money is collected by appellant from sales negotiated by respondent, the appellant is entitled to the protection of a specific finding of every transaction in which money is found by the court to have been already collected by appellant. Otherwise, on a subsequent account, neither appellant nor the court will be advised what transactions were included in the previous judgment and what transactions remain to be inquired into. This itself distinguishes this case from the ordinary accounting case in

which every transaction between the parties can be finally disposed of in the one action.

We are satisfied from the record before us that the failure to make any more specific finding on the account between appellant and respondent than the one herein quoted constituted error prejudicial to appellant on both of the grounds heretofore stated.

Much space is devoted in the briefs to a discussion of the correct interpretation of a finding covering a modification of the contract of employment between the parties. Upon a second trial the finding on this point will doubtless be so drawn as to avoid any possible claim of ambiguity.

For the reasons herein stated the judgment appealed from is reversed.

Koford, P. J., and Sturtevant, J., concurred.