[Civ. No. 5960.   Third Appellate District.—January 19, 1939.]

THE PEOPLE, Appellant, v. BURK WILLIS et al., Respondents.

Clarence W. Morris, Lincoln V. Johnson, Holloway Jones, Clifford D. Good and George C. Hadley for Appellant.

Carter, Barrett, Finlay & Carlton for Respondents.

TUTTLE, J.—This action was brought by the state of California for the purpose of condemning an easement for a highway to be constructed across the lands of defendant. The jury rendered a verdict assessing the value of the land

taken at $625, and fixed the severance damages at $225. This appeal is taken from the judgment entered upon such verdict.

The sole ground urged for reversal is alleged error committed by the trial court in admitting certain testimony relative to the elements and factors involved in evaluating the land taken, and in the assessment of the severance damages.

The only specification of error reads as follows: ''The trial court erred in permitting defendant's witnesses to evaluate the 2.53 acres sought to be condemned, and in permitting defendant's witnesses to estimate severance damages to defendant's remaining property, upon the basis and assumption of speculative conjectural and nonexistent conditions.''

At the outset we might observe that a greater portion of the argument of appellant might more properly have been addressed to the jury which tried the case. The testimony of most of the witnesses for defendant is attacked upon the ground that it was conjectural and speculative, but in the cases of two witnesses only, was there an attempt by way of motion or otherwise, to call the attention of the trial court to the objections here made. If there were other objections, the brief of appellant fails to mention them, and we do not feel called upon to examine the record of several hundred pages to discover them. ''The rule that objections not made in the trial court will not be considered on appeal applies to the objection that evidence was erroneously admitted. If a party would take advantage of the admission of improper testimony, it is necessary that he object to its admission when it is offered.'' (2 Cal. Jur., p. 263.) Consequently, we will confine our opinion to the testimony of two witnesses for defendant—Leland Anders and Charles O. Willis, as objection appears to have been made by plaintiff in respect to the testimony of each of them. At to the remainder of the testimony of defendant, we may assume that it was admitted without objection. It is therefore subject to the rule that ''If evidence, not otherwise admissible, is admitted without objection, a finding based therein is proper.'' (*Smith* v. *Golden State Syndicate,* 43 Cal. App. 346–349 [185 Pac. 209].)

Witness Anders, for defendant, testified that the land had a value of from $250 to $300 per acre. On cross-examination he stated that without irrigation it would be worth only $30 per acre. He stated it was all cleared. He further testified that he was a farmer, and had been such for twenty-three

years; that he owned 400 acres of farming land in eastern Shasta County; and that land was valuable for alfalfa and truck gardening. Plaintiff moved to strike out all the testimony of this witness upon the ground that it was "based upon conjectural and speculative matters". It would seem as though such a motion would more properly be directed toward the weight of the testimony rather than to its admissibility. The contention of plaintiff is that there is no evidence in the record to show that there was irrigation water available for use upon said land; hence the testimony of the higher value, based upon the assumption that there was such water, should have been stricken out. Ordinarily, such matters are entirely for the consideration of the trial court or jury. But assuming that the contention is properly before us, there is, in our opinion, sufficient evidence in the record to justify an implied finding by the jury to the effect that such irrigation was available. The following testimony by this witness would seem to be in point:

"Q. Let me ask this first: Was or was there any water on this Willis property? A. There were wells.

"Q. And where were those wells located with reference to this Exhibit A, this being the northerly portion of the property? Where was water accessible? A. Water was accessible right in here.

"Q. And would you say that the wells that you could get there were good wells? A. Good pumping wells, yes. This strip down through here was practically all clear land. It had a natural slope right down this way from a point in here and could be very easily irrigated from a well and raise very fine alfalfa on that property and also truck garden.

"Q. Do you mean by that, Mr. Anders, that wells could have been dug up in here where they were available as you have testified to and irrigated this whole portion on northerly? A. Yes.

"Q. It is true, is it not, that land slopes in a northerly direction? A. Yes."

Witness Willis testified that, within 700 feet of the property, there was a well with an "inexhaustible supply" of water. Witness Haynes testified that there was, due to the geological structure, a "big volume" of water underlying the property. There was other testimony of this general nature. It may be true, as contended by appellant, that serious doubt is cast upon the credibility of this witness by his cross-ex-

amination, and through the testimony of other witnesses on both sides. ■ It is not our province to thus weigh the evidence and reconcile such conflicts. Such function is committed by law to the jury alone, no matter how apparently weak the supporting evidence may be, providing, always, that such evidence is substantial in itself. (*Reed* v. *Cornell*, 54 Cal. App. 179–181 [201 Pac. 608].) The same observation applies to plaintiff's contention that while apparently the verdict was based upon the premise that the land was all cleared, in fact, the evidence shows that some of it was covered with pine. All of such questions offer ideal material for an argument to the jury, but it is quite obvious that we cannot consider them here. If, of course, the testimony was inherently improbable, a different situation would be presented. (*Pedrow* v. *Federoff*, 77 Cal. App. 164 [247 Pac. 212].) No such contention is made here.

■ Witness Willis testified that there was a well with an inexhaustible supply of water within 700 feet of the property. This witness was asked, on direct examination, what was the best use to which the property was adapted. He replied, "Camp-ground site". No objection was interposed. At the close of such examination, he was asked to give his opinion of the value of the property. Objection was made by the plaintiff on the ground that the witness was not qualified. It was overruled, and that ruling is assigned as error. He testified that he had known the property for sixteen years, and had lived in that vicinity during that time. He was, at the time of the trial, leasing a place known as the "Four Corners", about 700 feet from the property. He had once contracted to buy the property in question. It is the rule that whether a witness has been shown to be qualified to express his opinion, is largely within the discretion of the trial court, and its ruling will not be disturbed unless a clear abuse of discretion appears. (*Vallejo & N. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545–547 [147 Pac. 238].) We cannot say that the trial court here abused its discretion in holding that this witness was qualified.

The record is free from error, and it is therefore ordered that the judgment be affirmed.

Pullen, P. J., and Thompson, J., concurred.