[Civ. No. 19964.   Second Dist., Div. Two.   Apr. 8, 1954.]

ALICE B. HARVEY et al., Appellants, v. JESSE E.
HARVEY et al., Respondents.

John W. Preston and John W. Preston, Jr., for Appellants.

Bridges & Peters for Respondents.

MOORE, P. J.—Alice B. Harvey, widow of Frank A. Harvey, deceased, joined by her son, Frank A., Jr., sued the surviving brothers of her husband and their corporation for an accounting and for moneys allegedly misappropriated. Findings against all the claims alleged in the complaint having been made, judgment was entered for defendants.

Prior to December 22, 1946, Frank A. Harvey, Jesse E. Harvey and James E. Harvey, brothers, were copartners doing business under the name of Harvey Brothers. Each also owned one third of the stock in Harvey Bros., Inc., a California corporation. On the above mentioned date, Frank died leaving all his property to his widow, and his son. Alice was appointed administratrix of the estate and subsequently its assets were distributed to Alice and Frank, Jr.

After the death of Frank, the business of the partnership and corporation was carried on by Jesse E., James E. and Jesse M. Jr. [sic], the son of Jesse E., as directors and officers. Disputes arose between the widow and the surviving brothers involving their rights in the partnership and the corporation and on September 28, 1949, they executed an agreement attempting to fix a basis for the settlement of all differences and to establish the rights of each and providing for the

winding up and dissolution of the corporation and the partnership and a distribution of the assets thereof. Pursuant to the September agreement*, the partnership was terminated as of its date, and the corporation was dissolved on May 4, 1950. Prior to the latter date, the real property, choses in action and cash of both the partnership and the corporation were distributed to the parties or placed in cotenancy, while the chattels were sold at auction.

In November, 1951 the complaint herein was filed against the partners and the corporation. In 15 counts it demanded (1) an accounting of funds misappropriated by defendants; (2) a declaration that defendants hold such funds in trust for the shareholders of the corporation; (3) an order to convey the assets held in trust to a receiver who would distribute them to the shareholders; (4) an order specifically to perform that part of the agreement calling for the acquisition of policies of title insurance on the property of the corporation received by stockholders; and (5) damages totaling $6,808.02⅓. A cross-complaint and answer thereto having been filed, the trial resulted in the judgment that neither party recover. Plaintiffs, dissatisfied therewith, now demand a reversal on the grounds that certain findings are erroneous.

By the first assignment of error, it is asserted that the finding† which states that the agreement of September 28,

---

*"6. Harvey Bros., Inc., shall be dissolved as promptly as possible and the assets of said corporation delivered to the stockholders thereof, all outstanding just and lawful debts being first paid or adequately provided for as required by law. In event any debts are not paid prior to dissolution, each party agrees to guarantee payment of all just and lawful debts. . . . The officers of Harvey Bros., Inc., shall take all necessary steps as promptly as possible to dissolve said corporation."

"11. The report of Harry T. King, dated May 12, 1949, disclosed that Harvey Bros., a co-partnership, owed to Harvey Bros., Inc., the sum of $5,794.44. Jesse E. Harvey and James E. Harvey agree to pay one-third of said sum, increased or decreased as the case may be, since that date to and including the date of the dissolution of said corporation, to Mrs. Alice B. Harvey. Jesse E. Harvey and James E. Harvey, as officers of Harvey Bros., Inc., shall furnish an account to the administratrix of said estate for all income and disbursements from March 31, 1949, to the date of final dissolution of said corporation. The said account shall contain a list of all income received, including the date of receipt and a description of the items covered and shall include a complete list of all disbursements, stating the date of each disbursement, the person to whom the money was disbursed, and a statement of the purpose for which said moneys were in each case disbursed."

†"That it is true that by agreement dated September 28, 1949, the parties hereto intended to and did include and settle by a full accounting of the partnership existing during the lifetime of Frank Harvey, deceased, Jesse E. Harvey and James E. Harvey and that said agreement was intended to and did fully settle all demands and claims between

1949, was intended to and did settle all demands and claims between the parties existing then or before that date is contrary to the evidence and hence is without support. Appellants emphasize that the court's refusal to order an accounting is the portion of the judgment here under attack. To support this contention, paragraph 11, *supra,* of the agreement is relied upon. ▮ In that paragraph, Jesse and James agree to furnish Alice an account of all income and disbursements from March 31, 1949, to the date of final dissolution. Now it is asserted that no such account has been prepared and delivered. Neither the agreement to furnish the account nor the noncompliance therewith is material to the question of misappropriation of property alleged in appellants' complaint. In that pleading, numerous specific items of property are alleged to have been unlawfully, improperly and unjustifiably retained by defendants, James and Jesse. The complaint alleges that Jesse and James withdrew $2,532.34 from January 1947 to September 28, 1949 (and applied it to their personal uses); collected income of the corporation in the sum of $3,522; received a refund of franchise taxes in the sum of $978.93; received from the county of Los Angeles a tax refund in the sum of $995.67; withdrew from the corporation's bank account $13,982.31 and retained same; collected premium refunds on policies of insurance on corporate property in the sum of $500 and applied same to their own use; caused the corporation unlawfully to pay themselves $12,000 in fraud of the corporation (dismissed with prejudice); collected from one Blattenberger, a tenant of appellants, the rentals in the aggregate sum of $105 and hold same in trust for appellants; hold $4,500 due appellants as liquidating dividends as provided by the contract of September 28 in the sum of $125; damaged appellants in the sum of $1,545.84 by virtue of their sale subsequent to September 28 of a truck mounted cement mixer to appellants because of respondents' refusal to supply evidence of title; refused to pay rent on a warehouse assigned to appellants by the contract of September 28 in the aggregate sum of $213.33 1/3;

James E. Harvey and Jesse E. Harvey on the one hand and Alice B. Harvey, individually and as Executrix of the Estate of Frank A. Harvey, deceased, existing at or before September 28, 1949; that it is true that the interests of Frank A. Harvey, Jr., one of the plaintiffs herein, are derived by reason of heirship and under the Will of Frank A. Harvey, deceased, and that at the date of making said agreement Frank A. Harvey, Jr., was a minor and was represented by Alice B. Harvey acting as said Executrix of the Estate of Frank A. Harvey, Deceased.''

damaged appellants in the sum of $318.85 by virtue of respondents' refusal to pay appellants two-thirds of the county taxes advanced by appellants subsequent to September 28 for "certain real property" jointly owned with respondents. Demand was made for payment or an accounting of all such sums.

The court specifically found that there had been neither misappropriation nor mishandling of any sum claimed to be due and no damage caused by any alleged act of respondents. Such findings are adequate support for the judgment, regardless of the intent and effect of the agreement of September, 28, 1949. Appellants did not allege a breach of the latter contract to supply an account in the manner specified therein and did not seek such an account in their complaint. At this point it is well to keep in mind that two accountings are discussed simultaneously by appellants: the accounting set out in the contract of September 28 and the accounting prayed for in this action for misappropriated property.

Appellants complain of certain findings by which the court determined that specified sums of money had been allegedly received by defendants but that such moneys had been expended properly in the payment of debts and taxes. It is urged that such findings are not sufficiently definite to enable appellants to ascertain whether such findings are supported by the evidence. *Sears* v. *Rule,* 27 Cal.2d 131, 149 [163 P.2d 443]; *Whann* v. *Doell,* 192 Cal. 680, 684 [221 P. 899]; *Davis* v. *California Motors,* 73 Cal.App.2d 241, 246 [166 P.2d 52], and other opinions are cited which approve this rule: a statement of the balance due, without a reference, and without an account or without exceptions' being taken to specific items, is not a proper disposition of an action. However, these same authorities declare also that the contention that an account must be stated in a finding in accepted bookkeeping fashion cannot be maintained; that any procedure or record from which it can be intelligently ascertained what the issues were as to the controverted items and how these issues were disposed of by the trial court will suffice for the purpose.

In the instant case, the findings that each allegedly misappropriated item was in fact used for partnership or corporation debt or expense or was distributed, and that the alleged damage did not occur, are adequate. These findings, based on the testimony of the parties, the testimony of accountants employed by both sides and the reports of such accountants, are amply supported by the record.

*Davis* v. *California Motors, supra,* an authority relied upon by appellants, closely parallels the case at bar. Therein the widow of one of three copartners asked for an accounting from the remaining partners. She was furnished with balance sheets and profit and loss statements covering the period in question which showed that the venture had made no profits. Being dissatisfied with these facts, the widow filed suit for an accounting. The court ruled that she was not entitled to relief by reason of the fact that the assets of the business did not exceed its liabilities. On appeal it was held that a finding that "there was no surplus belonging to the joint venture" was amply supported by the record because the court had before it the oral testimony and various financial statements prepared from the books and tax returns, and, therefore the requirements prescribed in *Whann* v. *Doell, supra,* were complied with. (*Id.* at 247.) In not a single instance did the court below fail to make a complete finding against the alleged wrongful act of respondents. By reason of such findings and because they have substantial support, the judgment is a complete answer to the complaint. The contract of September 28, 1949, settled all differences between the parties at that time and such claims as are alleged to have arisen after that contract are completely answered by the findings with reference to them. The purpose of the action was to recover moneys that were claimed, not merely to have accounts prepared after the parties had accounted to themselves by their own contract and after appellants and their auditor had scanned each act and entry to the time the corporation was dissolved and its properties distributed. What could be the virtue of having their discoveries composed in a statement of the facts found? The very findings of the court constitute the most complete and sufficient accounting for the reason that they answer every criticism of the behavior of respondents.

As their final argument, appellants contend that the findings which hold that plaintiffs were estopped or had waived their right to maintain their first, third, fourth and thirteenth causes of action are erroneous for the reason that the defenses of estoppel and waiver were not specially pleaded in defendants' answer. No argument is made that the findings are not supported by the evidence. ■ Where issues are not specifically alleged in a complaint or other pleading, but evidence is introduced on those issues without objection, such

issues thereupon become properly involved in and are a part of the case. The objection may not properly be made for the first time on appeal that such issues as estoppel and waiver were not presented by the pleadings. (*Northwestern M. F. Assn.* v. *Pacific W. & S. Co.*, 187 Cal. 38, 40 [200 P. 934] ; *Guay* v. *American President Lines, Ltd,.* 81 Cal.App.2d 495, 515 [184 P.2d 539].) While appellants assert that they objected to the introduction of evidence tending to show waiver or estoppel, there is no indication in the briefs as to what this evidence consisted of or where in the transcript the objections are recorded. ■ The burden is on appellants to establish the error of the trial court and their .failure to so do is fatal to this ground of the appeal.

But assuming that the objections were made as asserted, the lower court did not err. The findings on counts three and four are based on offset, not estoppel or waiver, and the ultimate facts constituting offset were pleaded in the answer.

■ The first count alleges an improper use of corporate funds; the answer thereto denies the allegation and further alleges that the funds in question were used for corporate matters. The finding is that there was neither wrongful nor improper act on the part of defendants, no damage to plaintiffs, and by reason of the September contract ''all claims and demands of plaintiffs against defendants were fully settled and released.'' Such finding is sufficient to support the judgment for defendants on this count.

■ By count thirteen, plaintiffs sought damages for breach of contract to supply clear title to a truck bought by plaintiffs from the corporation. This count was amended after trial to one for rescission. In their answer, respondents alleged that appellants had refused to assist them in obtaining evidence of title and had refused to sign an application for a certificate of registration. Here the estoppel on which the finding is based was placed in issue by the pleadings.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied April 27, 1954, and appellants' petition for a hearing by the Supreme Court was denied June 3, 1954.