[Civ. No. 25151.    Second Dist., Div. Three.    Dec. 27, 1961.]

MARY ANN REGALADO, Plaintiff and Respondent, v. RAY Y. REGALADO, Defendant and Appellant; GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant and Respondent.

550

Barry Sullivan for Defendant and Appellant.

Brinton N. Bowles for Plaintiff and Respondent.

McKenna & Fitting and Norman H. Raiden for Defendant and Respondent.

VALLÉE, J.—Appeal by defendant Ray Y. Regalado, called defendant, from an interlocutory judgment in a suit for partition of a parcel of realty and for other relief.

The court found plaintiff and defendant are the owners as tenants in common of the realty, each owning an undivided half interest; the realty is subject to a deed of trust in favor of defendant Glendale Federal Savings and Loan Association as beneficiary, of which Verdugo Service Corporation is trustee; partition cannot be made without prejudice to the owners and a sale is necessary.

The interlocutory judgment in part decreed the realty be sold and the proceeds be applied to : 1. Pay general costs of the suit. 2. Pay attorney's fees to the attorney for plaintiff and the attorneys for Glendale Federal and Verdugo Service. 3. Satisfy and cancel the liens on the realty in order of their priority. 4. Pay defendant Ray Y. Regalado $557.35 as reimbursement for taxes paid and $1,976.42 as reimbursement for principal paid on the deed of trust in installments of $79 a month. 5. Pay the residue, half to plaintiff and half to defendant. Defendant Ray Y. Regalado appeals from the interlocutory judgment.

The amended complaint, in addition to praying for partition, asked for an accounting of all income received by defendant as rent for the property, and for judgment against defendant for the amount found due plaintiff as her share of such rents. Defendant's first point is that because of the prayer and the allegations made in support of it, this is a dual suit and attorney's fees are not allowable in such a suit.

The court did not fix attorney's fees; it merely decreed plaintiff is entitled to recover reasonable attorney's fees expended by her for the common benefit of the parties and that the sum shall be fixed in the final judgment. Reasonable counsel fees expended by the plaintiff for the common benefit must be paid by the parties respectively entitled to share in the lands partitioned in proportion to their respective interests therein. (Code Civ. Proc., § 796.) There is no provision in the law allowing attorney's fees in an action seeking only an accounting.

The primary purpose of this suit is partition of the realty. The accounting feature is incidental. The court had jurisdiction to allow attorney's fees insofar as the services pertained to the partition and were for the common benefit. (*Deacon* v. *Deacon,* 101 Cal.App. 195, 202 [281 P. 533].) "The presence and litigation of controversial issues between all the parties does not preclude the allowance of attorney's fees for services connected with such issues where such services are found to be for the common benefit of the parties." (*Randell* v. *Randell,* 4 Cal.2d 575, 582 [50 P.2d 806].) We cannot assume that on rendition of the final judgment the court will do more than allow plaintiff reasonable attorney's fees for services performed for the common benefit.

Defendant asserts the evidence is insufficient to support an award of attorney's fees. The point is untenable.

The argument appears to be that plaintiff "did not prove tenancy." Plaintiff alleged, and defendant denied, tenancy in common. Plaintiff testified at some length on the issue. She offered and there was introduced in evidence records in a prior divorce action between the parties showing joint ownership of the property. The fact that evidence was introduced by defendant which may also have tended to prove tenancy in common does not preclude an allowance of attorney's fees to plaintiff. (*Capuccio* v. *Caire*, 207 Cal. 200, 208 [277 P. 475, 73 A.L.R. 8].)

It is asserted the court did not allow defendant credit for all moneys he paid out, including insurance premiums, interest, and repairs. The court found defendant made no improvements and is not entitled to credit for insurance premiums paid on account of fire insurance. The property was purchased June 3, 1954. The record does not show when the suit was commenced. It does not show when some of the payments for which defendant claims contribution were made. It does appear that defendant has been in sole possession and occupation of the property, which is improved, since about July 12, 1955. There was also evidence that plaintiff paid some of the items for which defendant claims contribution. Defendant repudiated the cotenancy on August 2, 1955, when he filed his answer in the divorce action alleging the realty was his separate property; and again on February 16, 1957, after the interlocutory decree when he deeded the entire property to his father, received a deed back from his father the same day, and recorded the deeds.

We know of no rule of law requiring a cotenant out of possession to contribute for moneys paid in connection with the property by the cotenant in possession while during the very period for which the moneys were paid he asserted exclusive ownership in himself. Furthermore, there was no showing that defendant had paid any sum for improvements substantially benefiting the property. He testified he had paid for repairs but there is nothing in the record to indicate they were necessary to protect the interest of plaintiff. There was no evidence defendant paid any insurance premiums. As to interest payments, apparently defendant refers to payments of interest accruing under the terms of the note secured by the deed of trust. There was no evidence that defendant paid any interest. Assuming he paid interest on the note, there was no evidence as to the amount or when it was paid. Assuming further, contrary to the evidence and the finding of the trial

court, that the $79 a month defendant paid on the note included interest, he will be fully compensated by reimbursement of payments made on the note as discussed hereafter. On the record we cannot say the court erred in not allowing defendant reimbursement for insurance premiums, interest, and repairs. (See 86 C.J.S. § 68, p. 448.) Suffice it to say, from an examination of the entire evidence no material error appears, nor is there any insufficiency of the evidence to support the findings in these respects.

█ Defendant contends the findings do not support the judgment. His point is in fact that the evidence does not support the findings in one particular. As previously stated, the court found defendant paid $1,976.42 on the principal of the note secured by the deed of trust. It is asserted it cannot be determined how or for what period of time the court found the amount was paid. The point is well taken. The trial court failed to cast any detailed account, only finding defendant did pay $1,976.42 on account of the principal on the encumbrance on the property and defendant ''is entitled to credit for the payment of all payments on the note secured by Deed of Trust on said property, as to the principal thereof, and which he has paid on the property subsequent to the divorce of the parties hereto.'' The judgment adjudges that: ''[T]here be due to defendant . . . One Thousand Nine Hundred Seventy-Six and 42/100 Dollars ($1,976.42) as reimbursement to him for the principal payments made to the Glendale Federal Savings and Loan Association on account of the first Trust Deed encumbrance from May 23, 1960 [correct date May 23, 1956] (the date of the Interlocutory Judgment) to date hereof [May 31, 1960].'' Under the authority of *Whann* v. *Doell*, 192 Cal. 680 [221 P. 899], *Margolis* v. *Leonard & Holt*, 94 Cal.App. 716 [271 P. 758], and *Shenson* v. *Shenson*, 124 Cal.App.2d 747 [269 P.2d 170, 270 P.2d 896], this finding is insufficient if the reviewing court cannot ascertain from the record the manner in which the $1,976.42 was calculated. We are unable to do so. No calculations we are able to make result in $1,976.42 and plaintiff has given us no assistance whatever in this respect. For example, using the payments of $79 a month made between May 23, 1956, the date of the interlocutory judgment of divorce, and May 31, 1960, the date of the judgment in this action, the payments made total $3,813.07.

It is true, as plaintiff states, that in an action for partition the defendant cannot have an accounting and contribution

554

from his cotenant for the latter's proportionate part of expenditures made by the defendant for the benefit of the common property if the expenditures were made more than two years prior to the commencement of the action and after the defendant had repudiated the existence of the cotenancy. (*Willmon* v. *Koyer,* 168 Cal. 369, 373 [143 P. 694, L.R.A. 1915B 961].) However, applying this principle, no computation results in $1,976.42.

Defendant's last point is that Glendale Federal and Verdugo Service are not entitled to attorney's fees. Glendale Federal is the beneficiary under the deed of trust. Verdugo Service is the trustee. They claim support for the allowance of attorney's fees to them is to be found in the deed of trust. It provides that the trustors agree to the provisions set out in the footnote.[1]

We are unable to find a sound basis for the allowance of attorney's fees to Glendale Federal and Verdugo Service. Section 796 of the Code of Civil Procedure declares: "The costs of partition, including reasonable counsel fees, *expended* by the plaintiff or either of the defendants, for the *common benefit,* fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment." (Emphasis added.) This statement in *Chavez* v. *Scully,* 62 Cal. App. 6 [216 P. 46], expresses our view (p. 7):

"It will be observed, however, that the section [Code Civ. Proc., § 796] provides only that counsel fees may be included in the costs of partition expended by either plaintiff or defendant for the common benefit of all the parties to the action, and that they must be paid by the parties respectively entitled to share in the land divided."

---

[1] "4. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary and Trustee; and to pay all costs and expenses, including costs of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this deed."

"14. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall include not only the original Beneficiary hereunder but also any future owner and holder, including pledgees, of the note secured hereby. The term Trustor shall include not only the original Trustor hereunder but also any successor in interest to the Trustor and all future record owners of the property described herein. In this Deed whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural."

We find nothing in the record indicating that legal services performed for Glendale Federal or Verdugo Service were for the common benefit of all parties to the suit. So far as appears, Glendale Federal and Verdugo Service were interested merely in receiving the balance owing on the note secured by the deed of trust. The provisions of the deed of trust quoted in the footnote do not apply where the rights of the trustee and the beneficiary are not questioned, as at bar. Section 771 of the Code of Civil Procedure requires the proceeds of a sale of encumbered property to be applied to the payment of the balance due on the note secured by the deed of trust. (See 37 Cal.Jur.2d, § 88, p. 500.)

It will be noted that the judgment allows attorney's fees directly to plaintiff's attorney. This was error. The code contemplates that the allowance be made to the parties, and not directly to the attorney. (*Scott* v. *Staggs,* 129 Cal.App.2d 54, 57 [276 P.2d 605].) However, defendant makes no point on this score.

The judgment is modified by striking therefrom the provision that the proceeds of the sale be applied to pay attorney's fees to the attorneys for defendants Glendale Federal Savings and Loan Association and Verdugo Service Corporation. The parts of the judgment reading, "That there be due to defendant Ray Y. Regalado the sum of . . . One Thousand Nine Hundred Seventy-Six and 42/100 Dollars ($1,976.42) as reimbursement to him for the principal payments made to the Glendale Federal Savings and Loan Association on account of the first Trust Deed encumbrance from May 23, 1960 (the date of the Interlocutory Judgment) to date hereof,'' and that the proceeds of the sale be applied to pay "defendant Ray Y. Regalado the sum . . . of One Thousand Nine Hundred Seventy-Six and 42/100 Dollars ($1,976.42) as reimbursement for . . . payments of principal on account of the aforementioned encumbrance" are reversed. In all other respects the judgment is affirmed. Plaintiff shall bear one-fifth of the costs of herself and Ray Y. Regalado on appeal; defendant Ray Y. Regalado shall bear three-fifths thereof; defendants Glendale Federal Savings and Loan Association and Verdugo Service Corporation shall bear their own costs on appeal and one-fifth of the costs of plaintiff and of defendant Ray Y. Regalado.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied January 15, 1962.