[Civ. No. 2908. Second Appellate District, Division Two.—June 28, 1919.]

AMY PEMBERTON, Respondent, v. EDWARD ARNY, Appellant.

[1] MUNICIPAL CORPORATIONS—REGULATION OF STREET TRAFFIC—DUTY OF DRIVER TURNING CORNER — CONFLICT OF ORDINANCE WITH STATE LAW.—A municipal ordinance which provides that "the driver of any vehicle, in turning to the right from one street to another, shall turn the corner as near the right-hand curb as possible," is not in conflict with the provision of the Motor Vehicle Act that "all vehicles approaching an intersection of a street, road

or highway, with the intention of turning thereat shall in turning to the right keep to the right of the center of such intersection." A municipal corporation operating under a freeholders' charter which gives it plenary control over all uses of its streets may by ordinance increase the limitation placed by the state upon the driver's freedom of discretion in handling his machine.

[2] ID.—ACTION FOR DAMAGES FOR PERSONAL INJURIES—INSTRUCTION IN LANGUAGE OF VEHICLE ACT NOT ERROR.—In an action for damages for personal injuries received through having been struck by an automobile driven by the defendant, the giving of an instruction, in the language of subdivision j of section 20 of the Motor Vehicle Act of 1913, that the statute law of the state requires the driver of an automobile before changing his course "to first see that there is sufficient space for such movement to be made in safety" is not error.

[3] ID.—MEANING OF LAW UNCERTAIN—REQUEST FOR INTERPRETATION —INSTRUCTIONS—WAIVER OF OBJECTIONS.—If the terms of a statute are ambiguous and open to conflicting constructions, a party not satisfied with the giving of an instruction in the language of the statute may ask the court to interpret it to the jury; and in the absence of any request for an interpretation of the words as used in the legislative enactment, there is no error in incorporating the precise words of the statute in an instruction.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Phil M. Swaffield and Roland G. Swaffield for Appellant.

Charles W. Fourl and Ingle Carpenter for Respondent.

SLOANE, J.—In this appeal, which involves an automobile accident, we are satisfied that there can be no justification for setting aside the verdict and reversing the judgment on the ground of insufficiency of the evidence. The testimony was conflicting, but if the jury believed the story as told by plaintiff and her witnesses, it was justified in finding both that defendant was guilty of negligence and that plaintiff was not guilty of contributory negligence, particularly if the traffic ordinance of the city of Long Beach and the instructions relating thereto were properly submitted to the jury's consideration. The only

question requiring examination arises upon the admission and submission of the ordinance and instructions over defendant's objections.

The injury complained of occurred in the city of Long Beach, and was occasioned by the defendant, in the night-time, driving his automobile to the right, around a corner, into an intersecting street, and running upon the plaintiff on the cross-walk of the street into which defendant turned, at a point near the center of the crossing. The court admitted in evidence that portion of the traffic ordinance of the city of Long Beach which provides as follows: ''The driver of any vehicle, in turning to the right from one street to another, shall turn the corner as near the right-hand curb as possible.'' In connection therewith the court gave the following instruction to the jury: ''The court instructs the jury that the violation of a city ordinance of itself constitutes negligence, and if such violation proximately contributed to the injury complained of, it warrants a recovery for plaintiff, unless you further find plaintiff guilty of contributory negligence; and if in this case you find that the defendant did turn his automobile to the right from Third Street into said Atlantic Avenue in the city of Long Beach, and did not turn his automobile as near the right-hand curb as possible, and that said negligence proximately caused the injury complained of, then you must find for the plaintiff, unless you should further find that plaintiff was guilty of contributory negligence, in which event you will find for the defendant.'' Appellant assigns as error the admission in evidence of this ordinance and the giving of the instruction predicated thereon.

It is contended that the ordinance in question had been superseded by the state law known as the Motor Vehicle Act (Stats. 1913, p. 647, sec. 20, subd. g), and which covers the act of driving to the right around a corner from one street to another, in the following language: ''All vehicles approaching an intersection of a street, road or highway, with the intention of turning thereat shall in turning to the right keep to the right of the center of such intersection.'' If appellant is correct in his contention that the city ordinance is in conflict with this provision of the state law, and that the state law controls, we think it clear that the admission of the evidence and giving of the instruction complained of

would be prejudicial error. Under the state of the evidence the jury might well have reached the conclusion that the defendant had made the turn to the right of the center of the intersection, but that he had not made the turn as near the right-hand curb as he might have done.

The city of Long Beach is operating under a freeholders' charter, which gives it "plenary control over all uses of its streets." This language is broad enough to include the regulation of traffic thereon as to the manner of their use. We do not think there is anything in the context to limit the power to a determination of merely the kind or nature of the use, as appellant contends. The ordinance in question was one which the city had power to enact under its charter, and unless it is in conflict with the state law on the same subject, or superseded by it, was properly presented to the jury in this case. The question as to the right of a municipality under a freeholders' charter to regulate street traffic as a purely "municipal affair" has not yet been specifically decided by the supreme court. [1] It is not, however, necessary in this case to determine whether the statute or the ordinance controls, in the event of conflict, for the reason that under the rule laid down in *Ex parte Snowden*, 12 Cal. App. 521, [107 Pac. 724]; *Ex parte Hoffman*, 155 Cal. 114, [132 Am. St. Rep. 75, 99 Pac. 517]; *Mann* v. *Scott*, 180 Cal. 550, [182 Pac. 281], there is no necessary conflict arising from the mere fact that the municipal ordinance has added further and more exacting conditions than are prescribed by the state law. In affirming the decision of this court in *Mann* v. *Scott, supra,* the supreme court says: "Where the legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipality with subordinate power to act in the matter may make such new and additional regulations in aid and furtherance of the purpose of the general law as may seem fit and appropriate to the necessities of the particular locality, and which are not in themselves unreasonable. . . . In other words, we believe that by extending the operation of the act in terms to the traffic on city streets, the legislature did no more than to prescribe obviously necessary safeguards for travel upon such streets, viewed as part of the public highways of the state, in which all of the people of the state are essentially interested, and that it did not thereby intend to prohibit

the enactment of such new and additional police regulations in furtherance of the purpose of the act as might appear reasonable and proper in a given locality.''

The case of *Mann* v. *Scott, supra,* involved the provisions of the state law requiring that the driver of an automobile when passing a street-car shall operate his automobile ''with due care and caution so that the safety of passengers alighting from or boarding such street-car shall be protected, and for that purpose said vehicle shall be brought to a full stop if necessary to attain this object.'' (Stats. 1913, p. 648, sec. 20, subd. k.)   The city ordinance there in question requires that the driver of an automobile must in all instances stop to enable passengers to safely alight from or board a street-car, before passing the same.   It does not attempt to minimize the protection which the state law prescribes, but simply extends and enlarges it.   The conditions in the present case are the same in principle, the city ordinance requiring not only the precaution prescribed by the state law, of turning to the right of the center of the street intersection, but further, that the turn shall be made as near as possible to the curb line of the street.   We fail to see the force of the distinction between the two cases which counsel for appellant attempts to point out.   In both instances the city ordinance increases the limitation placed by the state upon the driver's freedom of discretion in handling his machine.   At any rate, such a variance as appears in the two laws involved in this case is upheld under the affirming opinion of the supreme court as quoted.   We think the cases cited are authority for holding that the statute and ordinance involved here are not in conflict.

[2]   Appellant has also taken exception to the action of the trial court in giving an instruction substantially in the language of subdivision j of section 20 of the Motor Vehicle Act of 1913 (Stats. 1913, p. 648), instructing the jury that the statute law of the state requires the driver of an automobile before changing his course ''to first see that there is sufficient space for such movement to be made in safety.'' The language marked as quoted is the part of the instruction complained of.   Appellant urges that the instruction goes beyond prescribing the degree of diligence to be used in looking for or investigating conditions, and makes the party responsible for actually visualizing the situation as it

exists, before attempting to make a turn in the street. The answer is that the instruction follows the language of the statute in this respect, and there was no error in giving the instruction in the words of the law itself. (*Wirthman* v. *Isenstein*, 28 Cal. App. Dec. 465; *Mt. Olive & S. Coal Co.* v. *Rademacher*, 190 Ill. 538, [60 N. E. 888].) **[3]** If the terms of the statute are ambiguous and open to conflicting constructions, appellant might have asked the court to interpret it to the jury. But we do not understand that counsel base their objection on the ground of uncertainty as to the meaning of the words used. They insist that the meaning is all too apparent. We are not attempting to pass upon that point, but are satisfied that in the absence of any request by appellant for an interpretation of the words as used in the legislative enactment, there was no error in incorporating the precise words of the statute in the instruction.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.