[Civ. No. 4791. Fourth Dist. Nov. 19, 1954.]

ORVILLE R. SCOTT, Appellant, v. ROY R. STAGGS et al., Respondents.

Tudor Gairdner for Appellant.

Russell A. Wickizer for Respondents.

GRIFFIN, J.—This is an action for partition of real and personal property and for an accounting. Plaintiff and appellant Orville R. Scott and defendants and respondents Roy R. Staggs and his wife, Bessie, acquired certain unimproved real property in Crestline Village. Plaintiff owned a one-half interest and defendants Staggs, as joint tenants, owned the other one-half interest. Plaintiff paid one-half of its cost price and the Staggs paid the other one-half. By oral agreement, they agreed that it would be improved with rental buildings and that the income therefrom would be divided on a 50-50 basis. This was done and the rental units were furnished with the customary furniture and effects. On September 16, 1947, these parties all conveyed their interest in the property to defendant Verna Anderson. It was then immediately reconveyed to plaintiff and defendants Staggs. Both of these conveyances were without consideration. Through inadvertence in drawing the deeds, defendant Anderson erroneously retained an undivided interest therein. Defendants Staggs occupied and operated the rental property. It is alleged by plaintiff that they failed and refused to account to plaintiff for his one-half of the profits. He prayed that it be decreed that defendant Anderson had no interest in the property and that it be sold and divided between plaintiff and defendants Staggs.

By their answer defendants Staggs admitted acquisition of the unimproved property on a 50-50 basis, the oral agreement to improve it and divide the income equally, the existence of the improvements and furnishings, the conveyance and reconveyance to and from defendant Anderson without consideration, and the necessity for a partition of the real and personal property, but affirmatively alleged that by an oral agreement, plaintiff and defendants Staggs modified the oral agreement by changing the respective interests of plaintiff and defendants Staggs to 23 per cent and 77 per cent, respectively, and prayed that the proceeds of the partition sale be similarly divided.

· Following the trial, an interlocutory judgment of partition was entered September 23, 1952, adjudging that plaintiff

owned an undivided 23 per cent interest and defendants Staggs an undivided 77 per cent interest in the property. It found that defendant Anderson had no interest therein and ordered a partition sale of it and further ordered judgment in favor of plaintiff and against defendants Staggs in the sum of $351.54, as plaintiff's unpaid share of the net income between November 13, 1949, and July 15, 1952, plus 7 per cent interest after July 15, 1952, also ordering judgment in favor of plaintiff and against defendants Staggs in the sum equal to 23 per cent of the net income received after July 15, 1952, payable monthly, and further awarding $400 each to plaintiff's and defendants Staggs' attorneys, as prayed for in their respective pleadings. It further ordered the balance remaining after the sale of the property to be apportioned to the respective parties in accordance with the percentages indicated.

Thereafter, on May 9, 1953, a referee sold the real and personal property at private sale to defendants Staggs for $16,200, the referee paying therefrom the cost of the sale, the attorneys' fees above mentioned, and money to plaintiff as directed by the judgment confirming the sale, which was entered on June 9, 1953. The judgment also directed that the referee execute a deed of the property to defendants Staggs.

The Staggses on July 15, 1953, filed their final account and petition for hearing and approval thereof, covering the period from July 15, 1952, to June 11, 1953. On May 1, 1953, plaintiff filed a cost bill after judgment (which included the principal judgment set forth in the interlocutory decree) in the sum of $373.02. Thereafter followed a levy of an execution by plaintiff against defendants, and $172 was recovered by plaintiff.

On July 30, 1953, a hearing was had on the final account of defendants Staggs, findings of fact, conclusions of law, and judgment approving the final account were entered on November 16, 1953. The trial court deducted $132.50 from the cost of fire insurance, $4.50 from the cost of liability insurance, $96 from the water bills, and $48 from the 1952 taxes, thereby prorating the claims by defendants Staggs for said items and further allowed $50 each to plaintiff's and defendants Staggs' attorneys, to be paid from the income received by defendant Staggs, and rendered judgment in favor of Staggs and against the plaintiff in the sum of $180.32. In this respect it is pointed out on plaintiff's appeal from the judgment approving defendants' final account that

the approved account shows that defendants Staggs were accountable for rentals in the sum of $915, and entitled to a credit for expenses during that period in the sum of $1,699.01, leaving a deficit of $784.01, for which plaintiff was liable to defendants Staggs to the extent of 23 per cent, or $180.32. The amount of the rentals received since July 15, 1952, in the sum of $915, by defendants Staggs, apparently is not questioned. Of the 80 some odd items of expense listed in the account, plaintiff complains of certain items which he contends were not allowable or were improperly prorated. The first pertains to the order allowing each attorney an additional sum of $50 as attorneys' fees, payable out of the rentals.

Section 796 of the Code of Civil Procedure provides that the *cost* of *partition,* including reasonable counsel fees, expended by plaintiff or either of the defendants for the common benefit, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. (Italics ours.) The section contemplates that the allowance be made to the parties and not directly to the attorneys. (*Bennett* v. *Potter,* 180 Cal. 736 [183 P. 156] ; *Chavez* v. *Scully,* 62 Cal.App. 6 [216 P. 46] ; 20 Cal.Jur. p. 640, § 54.) It should be noted that the order approving the final account directs that the $50 be paid directly to the respective attorneys by defendants Staggs from the rentals received by the defendants Staggs. Under the authorities cited, such an order, insofar as it pertained to the *accounting* proceeding, was erroneous and unauthorized. (*Deacon* v. *Deacon,* 101 Cal.App. 195 [281 P. 533] ; *Capuccio* v. *Caire,* 207 Cal. 200 [277 P. 475, 73 A.L.R. 8].) Counsel for defendants concedes that the only issue before the court at that time was settlement of the defendants' final account; that the matter of allowance of attorneys' fees involving the partition had been disposed of by the interlocutory decree and subsequent order approving the sale, which became final; that further allowance of fees directly to the attorneys was erroneous; and that the judgment should be modified accordingly.

The other complaints follow in the category of expenditures made by the Staggses consisting of several items too numerous to mention. Among them it is claimed defendants failed to show proper receipts for certain expenditures; that expenditures such as replaced "light bulbs and for tissues" were

replacement articles and that the cost thereof should be prorated over a period of time for which plaintiff would not be liable.

As to these items, it may well be said that on the whole the trial court did take into consideration the longevity of the different specified items and made the proper apportionment even though the evidence on the subject was confusing.

Other objections pointed to certain items where the defendants paid a caretaker for the property during the trial of the case and on other specified occasions. Apparently it was necessary to have all parties in interest at the trial and it was apparently necessary to employ a caretaker to care for the property during this period. It was a proper charge to be made under the circumstances. Plaintiff was the one who commenced this action for partition which necessitated the lengthy trial.

The main complaint centers around the furnishing of paint, oil and other materials, including defendants' time for labor in painting the several rental units both inside and out. It involved an item in excess of $731.50. From the account it appears that the Staggses and one other person kept track of the time when they rendered this service and made a charge therefor. The painting took place between April 16, and June 4, 1953, and it is contended that although a cotenant may take from rents and profits received the cost of all proper expenses incurred in developing and protecting the common estate, one cotenant may not recover a personal judgment against another cotenant for such expenditures in the absence of an agreement to that effect. (*Ochoa* v. *McCush,* 213 Cal. 426 [2 P.2d 357]; *Higgins* v. *Eva,* 204 Cal. 231 [267 P. 1081].) It is contended that plaintiff never assented to nor authorized such improvement.

There is testimony that the items mentioned in the account were necessarily furnished for the preservation and maintenance of the property. The trial court did deduct the expenditures made by the defendants from the rents received. Since this was an action for an accounting between the parties, we must assume that these items were part of the deductions, and that the other expenditures were owing to defendants.

The weight and sufficiency of the evidence, the construction to be put upon it, and the inferences to be drawn therefrom, as well as the question of the credibility of the witnesses and the determination of conflicts and inconsistencies in the testimony, were matters for the trial court.

(*Johnson Trade, Inc.* v. *Frimmersdorf,* 100 Cal.App.2d 719 [224 P.2d 771].)

The next complaint is that some of these expenditures were made for items purchased one or two days prior to the sale of the property or several days thereafter. Plaintiff fixes the date of sale as of May 9, 1953, when the referee purportedly sold the property to defendants Staggs. The sale was not confirmed until June 9, 1953, which date, from a casual observation, was subsequent to any purchases of any moment. Suffice it to say, from an examination of the entire evidence, no material error appears in the calculation, nor is there any insufficiency of the evidence to support the judgment. The items of expenses indicated were necessary to place the property in a salable condition. No person appeared to raise the bid on confirmation of the sale by the court. It was a reasonable inference for the court to deduce that had the painting improvements not been made, even the defendants themselves would not have been anxious to bid at the sale, and that the improvements did actually enhance the value of the property, thus assuring the plaintiff recovery of a greater share of the net proceeds of the sale.

It now appears that plaintiff recovered a personal judgment against the defendants by the interlocutory decree, has had a portion of the fruits of that judgment, and that the unpaid portion of that judgment was charged against these defendants in the accounting. He, in effect, contends that his personal judgment against the defendants Staggs is valid, but that the personal judgment awarded to them against the plaintiff in the final accounting is invalid. It is clear that where the plaintiff compels an accounting he is not in a position to complain of the results thereof where it is arrived at lawfully. (*Vierra* v. *Fontes,* 135 Cal. 126 [66 P. 241].)

Since conveyances of the property were not delivered to defendants Staggs by the referee until June 11, 1953, and since defendants made their final accounting to that date, and since the order confirming the sale did not convey the title but merely authorized the conveyance upon specified terms and conditions and defendants accounted for all rents up to that time to the plaintiff, it does not appear that there is any merit to the plaintiff's contentions on this appeal. (*Barnes* v. *Morrison,* 102 Cal.App. 152 [282 P. 986] ; *Estate of Benvenuto,* 183 Cal. 382 [191 P. 678].)

That portion of the judgment directing that the defendants

pay to respective counsel the sum of $50 each for attorneys' fees in connection with the *accounting* proceedings is stricken, and the remaining portion of the judgment and order is affirmed, as modified. Defendants to recover costs on appeal.

Barnard, P. J., and Mussell, J., concurred.