FOX, P. J.
 

 Defendant
 
 †
 
 was convicted of selling heroin in violation of section 11501, Health and Safety Code. He has appealed from the judgment.
 

 At approximately 2 p. m. on the afternoon of October 4, 1960, Deputy Sheriff Reade of the Los Angeles County Sheriff’s Office, Narcotics Division, drove up to the Jamaica Club in Norwalk. Defendant and a companion pulled up to the club at about the same time. Defendant, with whom the officer had had two narcotic transactions during the previous month, asked him if he “wanted some narcotics,” adding “I can get you some. ’ ’ The officer replied in the affirmative. Officer Reade thereupon entered the automobile driven by defendant. The men drove to the vicinity of Horst and 160th Streets in Nor-walk. Defendant inquired of the officer how much narcotics he wanted. The officer replied, “Half a gram.” At this point defendant left the automobile and went to a residence on Horst Street from which emerged defendant Quiroz. While defendant Cline was at the house, his companion drove the officer around the block. After he came back to the automobile, Cline explained that his contact needed a little time to cap up
 
 *311
 
 the narcotics. As a consequence, they drove around for approximately five minutes. When they reached the vicinity of Horst and 163d Street, defendant Cline observed his contact's automobile parked off the road near the intersection but up against a building. Cline drove up behind the other car, parked, got out, and talked with the driver. Cline then came back to his own ear in which the officer was seated. He told the officer that five caps would cost $18. Officer Beade handed defendant this amount. The officer observed Cline give this money to the driver of the other car. There were motions of their hands indicating that something was being handed over to Cline by the driver but the officer could not actually see the driver of the other car hand defendant Cline anything. However, Cline immediately walked back to his own car and handed Officer Beade five gelatin capsules, which proved to contain heroin.
 

 Defendant Cline denied having had any narcotic transaction with Deputy Beade at that time or on any previous occasion. He, in fact, denied ever having seen Deputy Beade prior to the preliminary hearing.
 

 In seeking a reversal, defendant argues that: (1) he was entrapped; (2) the People's witnesses did not agree on the facts; (3) the trial court did not give him the benefit of the doctrine of reasonable doubt; and (4) he did not have effective assistance of counsel. We find no merit in any of these arguments.
 

 In
 
 People
 
 v.
 
 Serrano,
 
 180 Cal.App.2d 243 [4 Cal.Rptr. 470], this court stated (p. 248) : “The availability of the defense of entrapment ' depends upon whether the intent to commit the crime originated in the mind of the defendant or in the mind of the entrapping officer. ’
 
 (People
 
 v.
 
 Benford,
 
 53 Cal.2d 1, 10 [345 P.2d 928].)” Here the evidence is that defendant approached the officer inquiring if he wanted some narcotics and stating “I can get you some.” It is thus apparent that “the intent to commit the crime originated in the mind of the defendant” and that one of the essential elements of entrapment is entirely absent. There is no foundation whatever in the evidence for this defense.
 

 Furthermore, defendant did not raise the defense of entrapment at the trial. Instead he steadfastly denied that he committed the offense charged. This is inconsistent with the claim of entrapment since the defense of entrapment necessarily assumes that the act was committed.
 
 (People
 
 v.
 
 Lollis,
 
 
 *312
 
 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420].) As stated in
 
 People
 
 v.
 
 Braddock,
 
 41 Cal.2d 794 [264 P.2d 521] (p. 803) : “Entrapment ‘is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial’ [citations].” Defendant offered no evidence whatever in support of this theory in the trial court. It cannot be raised for the first time on appeal.
 
 (People
 
 v.
 
 Branch,
 
 119 Cal.App.2d 490, 495 [260 P.2d 27].)
 

 Defendant points to certain inconsistencies in the testimony of the People’s witnesses. These were matters for the trial court to resolve.
 
 (Scott
 
 v.
 
 Staggs,
 
 129 Cal.App.2d 54, 58 [276 P.2d 605].) “It is not the province of this court to determine conflicts in the evidence, ...”
 
 (People
 
 v.
 
 Hills,
 
 30 Cal.2d 694, 701 [185 P.2d 11].)
 

 There is no basis whatever for defendant’s suggestion that the trial court did not give him the benefit of the doctrine of reasonable doubt. In his comments at the conclusion of the evidence, the trial court pointed out that “the defendant is entitled to the benefit of the doubt. ...” Implicit in the trial judge’s finding that defendant was guilty as charged is his determination that defendant’s guilt was established beyond a reasonable doubt. As stated in
 
 People
 
 v.
 
 Dragoo,
 
 121 Cal.App.2d 322 [263 P.2d 90] (p. 324) : “It is the trier of fact which must be persuaded beyond a reasonable doubt of the guilt of the defendant. ’ ’
 

 Examination of the record discloses there is no basis whatever for defendant’s complaint that he was “deserted” by his attorney. He was capably represented throughout the trial by an experienced deputy in the public defender’s office. (See comment regarding the qualifications of the public defender and his staff in
 
 People
 
 v.
 
 Adamson,
 
 34 Cal.2d 320, 333 [210 P.2d 13];
 
 People
 
 v.
 
 Hughes,
 
 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33].)
 

 The judgment is affirmed.
 

 Ashburn, J., and Herndon, J., concurred.
 

 †
 

 One Quiroz was also a defendant but he was found not guilty.